**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMPSON AMOAH, | ) | CASE NO. 4:18CV126 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| JEFF SESSIONS, et al., | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

This 28 U.S.C. § 2241 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Sampson Amoah ("Amoah" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed his Petition, Amoah was being detained at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio.[1] Currently pending is the Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 8.) For the following reasons, Respondents' Motion to Dismiss (Doc. No. 8) is GRANTED.

**I.   Procedural History**

On January 16, 2018, Amoah, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued post-removal immigration

---

[1] The docket reflects a copy of this Court's Initial Order was mailed to Amoah at NEOCC on March 6, 2018 and returned on March 28, 2018 marked "inmate paroled or released." (Doc. No. 5.)

detention.[2] (Doc. No. 1.) In the Petition, Amoah asserts he is a citizen of Ghana. (Doc. No. 1-1 at ¶ 6). He claims he first arrived in the United States from Ghana on August 28, 2016 seeking asylum, which was subsequently denied by the Immigration Judge.[3] (*Id*. at ¶ 12.) Amoah asserts he was ordered removed on March 15, 2017 but "to date . . . [United States Immigration and Customs Enforcement ("ICE")] has been unable to remove Petitioner to Ghana." (*Id.* at ¶ 15.) He argues he has "been in government detention" for over a year, awaiting deportation. (*Id*. at ¶ 18.) Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Amoah argues his continued detention is "unlawful and contravenes 8 U.S.C. § 1231(A)(6)." (*Id*. at ¶¶ 17, 20). He also asserts substantive and procedural due process violations. (Doc. No. 1-1.)

In his Request for Relief, Amoah requests the Court issue an Order "directing the Respondents to release me immediately from custody under supervision since its been more than ten months I have been detained." (Doc. No. 1 at 8.) *See also* Doc. No. 1-1 at 5 (requesting Court "grant Petitioner a writ of habeas corpus directing the respondents to immediately release Petitioner from custody" and "enjoining Respondents from further unlawful detention of Petitioner.")

On May 7, 2018, Respondents Jeff Sessions, Kirstjen Nielsen of the Department of Homeland Security, and C.T. Shanks and Karyn Zarlenga of Immigrations & Customs Enforcement filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 8.) Therein, Respondents argue Amoah was removed from the United States on March 12, 2018

---

[2] On that same date, Amoah filed a Motion for Appointment of Counsel. (Doc. No. 2.) On April 17, 2018, this Court denied Amoah's Motion. (Doc. No. 6.)

[3] The Petition indicates Amoah did not appeal the decision of the Immigration Judge denying his request for asylum. (Doc. No. 1 at 2.)

and, therefore, his Petition has become moot. (Doc. No. 8-1 at 1.) Because Amoah has been released from federal custody and does not assert any collateral consequences as a result of his detention and/or removal, Respondents argue there is no live case or controversy over which this Court could assert jurisdiction. (*Id*. at 4.) Therefore, Respondents argue this Court lacks subject matter jurisdiction and the Petition must be dismissed. (*Id*. at 4-5.)

Amoah failed to file a response.

## II.     Law & Analysis

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *See Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed. 2d 529 (1988); *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 4330 (1990); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.' " *Lewis*, 494 U.S. at 477 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ). It is well settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477. *See also Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

A district court may lack jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241 if the petitioner is not in custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). *See also Ibrahim v. Sessions*, 2018 WL 3548827 at * 1 (N.D. Ohio July 24, 2018); *Weldearegay v. U.S. Att'y Gen*., 2018 WL 2025690 at * 1 (N.D. Ohio April 10, 2018) *report and recommendation adopted by* 2018 WL 2017869 (N.D. Ohio May 1, 2018). A petition for writ of

habeas corpus challenges a government custodian's authority to continue detaining an individual. *See e.g., Ibrahim*, 2018 WL 3548827 at * 1. Therefore, the individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

Federal courts have recognized narrow exceptions to this general rule when the released prisoner can establish that he will suffer a future collateral consequence as a result of the detention or that the case is "capable of repetition, yet evading review." *Lane*, 455 U.S. at 632-33. *See also Weldearegay*, 2018 WL 2025690 at * 1. To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration" that can be remedied by granting the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). To establish that a case is capable of repetition yet evading review, the petitioner must show that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States. *See Enazeh v. Davis*, 107 Fed.Appx. 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft*, 76 Fed.Appx. 672, 673 (6th Cir. 2003) (removal moots claims relating to conditions of detention.) District Courts within this Circuit have found the same. *See e.g. Ibrahim*, 2018 WL 3548827 at * 1;*Adinan v. Sessions,* 2018 WL 3489626 at * 2 (N.D. Ohio July 10, 2018) *report and recommendation adopted by* 2018 WL 3475447 (N.D. Ohio July 19, 2018); *Suleman v. Sessions,*

2018 WL 1973692 at * 2 (N.D. Ohio April 5, 2018) *report and recommendation adopted by* 2018 WL 1961161 (N.D. Ohio April 26, 2018); *Frimpong v. Sessions,* 2018 WL 2422038 at * 2 (N.D. Ohio April 2, 2018) *report and recommendation adopted by* 2018 WL 2417841 (N.D. Ohio May 29, 2018); *Cole v. Warden of Seneca County Jail*, 2017 WL 4220416 at * 2 (N.D. Ohio July 19, 2017) *report and recommendation adopted by* 2017 WL 4182299 (N.D. Ohio Sept. 21, 2017); *Abdourahmane v. Lynch*, 2015 WL 5813192 at * 2 (N.D. Ohio Oct. 5, 2015); *Lin Su Fang v. Holder*, 2011 WL 2784496 at *3 (N.D. Ohio July 14, 2011); *Beiruti v. Clawson*, 2009 WL 311077 at * 2-3 (W.D. Mich. Feb. 6, 2009).

Here, Respondents submitted the Affidavit of Thomas J. Koval, a Deportation Officer for U.S. Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS") in Detroit, Michigan. (Doc. No. 8-2.) Therein, Mr. Koval avers that: "On March 12, 2018, ICE successfully removed Amoah from the United States to Ghana via charter flight." (*Id.*) A copy of the executed Warrant of Removal/Departure is attached to Mr. Koval's Affidavit. (Doc. No. 8-2 at 7-8.) Amoah did not respond or otherwise oppose Respondent's Motion.

Thus, it is undisputed Amoah has been removed from the United States and is no longer in federal custody. Furthermore, in his Petition, Amoah seeks relief solely from his allegedly unlawful detention and does not seek relief from any collateral consequences of his removal. (Doc. No. 1 at 8; Doc. No. 1-1 at 5.) Nor does he allege that his case is capable of repetition, yet evading review. Because Amoah is no longer in the custody of the U.S. government, and has not alleged any continuing injury resulting from his deportation, there is no live case or controversy, his Petition is moot, and this Court lacks subject-matter jurisdiction over the instant matter.

Accordingly, it is recommended Respondents' Motion to Dismiss (Doc. No. 8) be GRANTED and the Petition be DISMISSED.

## IV. Conclusion

For all the reasons set forth above, it is recommended Respondents' Motion to Dismiss (Doc. No. 8) be GRANTED and the Petition be DISMISSED.

Date:   July 26, 2018                             s/ *Jonathan D. Greenberg*
                                                  JONATHAN D. GREENBERG
                                                  U.S. MAGISTRATE JUDGE

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**